United States District Court
Southern District of Texas
**ENTERED**
September 28, 2018
David J. Bradley, Clerk

Star JB, Inc., et al., § § §
        Plaintiffs, §
§
versus §     Civil Action H-18-1879
§
Pulse Directional Technologies, Inc., §
§
        Defendant. §

## Opinion on Dismissal

1.  *Introduction.*

    Star JB, Inc., a Texas corporation, bought oil tools from Pulse Directional Technologies, Inc., a Canadian company. Star JB then sold the oil tools to OOO RealLeasing, a Russian company, who leased them to OOO GeoControl. Pulse sent the oil tools directly from Canada to GeoControl in Russia.

    The oil tools did not work when tested in Russia. GeoControl sent them to RealLeasing to return to Pulse for repair. Pulse attempted to repair the tools and then sent them back to GeoControl. The tools never worked in Russia. GeoControl asked Star JB for a refund, leading Star JB to ask Pulse for a refund of the purchase price and expenses incurred. Pulse refused, and Star JB, RealLeasing, and GeoControl filed this lawsuit.

2.  *Jurisdiction.*

    Star JB is the only party that resides in the United States. Pulse is a Canadian entity, and RealLeasing and GeoControl are both Russian entities. The contract between Star JB and Pulse was not performed in Texas. The oil tools were never in the United States – only in Canada and Russia.

    This court does not have personal jurisdiction over Pulse because there is neither general nor specific jurisdiction. A court has general jurisdiction over a foreign corporation only when the corporation has continuous and systematic contacts with

the forum state such that the foreign corporation is at home in the forum state.[1] There is no general jurisdiction here because Pulse is incorporated in Canada, with its principal place of business there. It does not have an office or any employees in Texas. Although there is a separate, related entity to Pulse that is incorporated in Texas, that fact does not suffice to establish this court's personal jurisdiction over Pulse itself. Pulse does not have continuous and systematic contacts with Texas.

For this court to properly exercise specific jurisdiction, the events giving rise to the suit must have occurred in Texas as a result of Pulse purposefully directing its activities there. There is no specific jurisdiction here because the contract was not performed in Texas and the tools have never been in Texas. Pulse did not purposefully avail itself of this forum by contracting with Star JB. Merely contracting with a Texas entity does not create specific jurisdiction.

3. *Forum Non Conveniens.*

Even if this court had jurisdiction, it would dismiss this action for *forum non conveniens*. Canada is the proper forum in this case, as Pulse is incorporated and has its principal place of business there. Unlike in Texas, Pulse is subject to personal jurisdiction in Alberta, Canada. Private and public interest factors both urge dismissal.

4. *Conclusion.*

This court has no jurisdiction over this case, and it would not exercise jurisdiction even if it did. Because this court does not have personal jurisdiction over Pulse, this case will be dismissed for lack of jurisdiction.

Signed on September 28, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).